## LINDSAY vs. MOORE.

1. M. gave L. a letter of credit, on which goods were obtained. Held, that M. paying the amount of the goods so sold, is entitled to recover of L., although the goods were charged to L. & D., and is presumed to have paid at the request of L. although no suit had been brought against him.

### ERROR to Platte Circuit Court.

Jones, for the Plaintiff in error.

Tompkins, J. delivered the opinion of the court.

Benjamin D. Moore brought his action of assumpsit in the circuit court of Platte county, against James Lindsay, and obtained a judgment against him, to reverse which Lindsay brings the cause into this court by writ of error.

On the trial of the cause, Moore, the plaintiff below, and appellee here, gave in evidence an account for goods charged to be sold to Lindsay & Duncan, by Kenneth Mackenzie, a merchant of St. Louis; and to prove the account he read in evidence the deposition of one John

Cochran, who stated that he knew both the plaintiff and defendant in the action; that he was a clerk in the house of Mackenzie when the merchandize in the annexed bill was sold, and that he continued as clerk in the said house till the month of October, 1843, and that he knows that the merchandize charged in the said bill, was purchased by the defendant in this case, and delivered to the defendant; and that the several credits as stated in the said account, are correct, and that the payments were made by the persons therein named, and that Benjamin D. Moore has settled the balance of said account, amounting to the sum of one hundred and sixty-four dollars and twenty-eight cents.

The deponent further stated that at the time of the purchase of the goods aforesaid, Lindsay, the defendant in this case, brought to the said Mackenzie a letter of guaranty annexed to said depositions, and upon the faith of the said guaranty, the said goods were sold to Lindsay & Duncan, the said Lindsay being the party defendant in the above entitled cause.

The letter of Moore to Mackenzie, above referred to, states some things complimentary to Lindsay, and recommending him as a good customer to Mackenzie; the writer, Moore, promises to be responsible to Mackenzie for three or four hundred dollars for Lindsay, provided he paid Mackenzie "down," (meaning in cash,) some hundred and fifty dollars, or thereabouts.

The defendant objected to the reading of the deposition, assigning for reason that there was no proof that the defendant had notice of the time and place of the taking, and because the testimony was irrelevant. The court overruled the objection, and the defendant excepted to the decision.

The defendant Lindsay, appellant here, gave in evidence that in 1839, about the time of the date of the letter of the plaintiff, Moore, above mentioned, the said Moore and one Linn were doing business in partnership, as partners, in Platte county, as merchants, and that Lindsay, the defendant, was about the same time doing business in the store of Moore & Linn, about three or four months; and that Duncan, a man in the employment of Moore & Linn, boarded with Lindsay, the defendant, about three or four months; that Linn, of the firm of Moore & Linn, also boarded with the defendant for some time, perhaps two or three months.

It was further in evidence, that the services of Lindsay, the defendant, as clerk of Moore & Linn, were worth $25 per month; that the board of Linn, of the firm of Moore & Linn, was worth $1 50 per week, and that Lindsay settled the business of the firm of Moore & Linn, and

Lindsay vs. Moore.

that his services in that capacity were worth $17. Lindsay also offered in evidence a receipt of the plaintiff dated 29th September, 1839, for $500, for the purpose of paying to Chouteau & Mackenzie $200, and the balance to another house. This was excluded, and the exclusion excepted to. No other evidence was offered.

The plaintiff, Moore, prayed the following instructions :

1. If the jury believe from the evidence, that the plaintiff, Moore, paid $164 25 for the use of the defendant, then they will find that amount in damages, for the plaintiff.

2. That the jury will disregard and exclude from their consideration, all the evidence that has been offered by the defendant in relation to his services for Moore & Linn, as also all the evidence in relation to boarding Thomas Duncan for Moore & Linn.

These instructions were objected to by the defendant, and the court overruling the objections, its decisions were excepted to by Lindsay, the defendant, appellant here.

The court then gave for the defendant the instructions following, to wit :

1. Unless the jury believe that the plaintiff paid Mackenzie the money before the commencement of this suit, they will find for the defendant.

2. Unless they believe that the plaintiff paid Mackenzie the money on the account, they will find for the defendant.

The court then gave the instruction following, viz :

1. If the jury believe from the evidence that the firm of Lindsay & Duncan bought the goods of Kenneth Mackenzie, then they they will find for the defendant.

2. That the court must be satisfied that the defendant bought the goods of Kenneth Mackenzie, on the faith of the letter of guaranty, and that he paid one hundred and fifty dollars, or thereabouts, at the time the goods were bought and delivered to him, or they must find for the defendant.

The defendant then moved to set aside the verdict, and for a new trial for the reasons following :

1. Because the verdict is contrary to evidence.

2. The court misinstructed the jury for the plaintiff.

3. The court committed error in refusing the defendant's instructions.

4. The court committed error in in admitting the plaintiff's evidence, and in excluding that of the defendant.

12

The sum of the evidence given by the plaintiff is, that the appellant, Lindsay, defendant below, on the credit and responsibility of Moore, the plaintiff, obtained a credit for $600, in goods. These goods are charged in the account to Lindsay & Duncan, at the request, in all probability, of Lindsay himself; for Lindsay, to get the credit of Moore's recommendation, brings and delivers Moore's letter, and received the goods from Mackenzie. If Lindsay chose, as is probable, to have those goods charged to himself and Duncan, Mackenzie, who consented so to charge them, would consequently be bound to sue Lindsay and Duncan ; but Moore, who gave Lindsay his credit with Mackenzie, and who made himself liable to Mackenzie, could not, by Lindsay's act, be made to loose his remedy against Lindsay alone, and compelled to sue Lindsay and Duncan. But it is contended that this evidence is not revelant, and that the defendant did not have notice of the time and place of taking the depositions.

First, then, as to the notice. It is not stated in the bill of exceptions that the plaintiff, Moore, did not give the defendant the requisite notice. If that fact had been stated, the judge of the circuit court might have refused to sign the bill of exceptions. But the defendant, Lindsay, has objected to the reading of the deposition, because, as he says, there was no proof that he had received notice of the time and place of taking, &c. The circuit court might have had before its eye the proof, and we are bound to believe that all its acts are correctly done, until the contrary appears. If the defendant had made the statement that there was no such proof, then the judge, by signing the bill of exceptions, would have admitted the correctness of his statement.

The second objection to the admission of this evidence, is absolutely futile. For if on the credit of Moore, he, Lindsay, obtained the credit in September, 1839, and in 1843, Moore, who was responsible for him, paid the balance due, he must be presumed to pay it at the request of Lindsay, for in such case the guarantor ought not to be compelled to wait till he is disgraced by the suit of the creditor. Nothing, then, can be more relevant than this evidence.

But the defendant, appellant, contends that his evidence was erroneously excluded. He offered in evidence as an offset to Moore's separate demand against him, some joint demands of his own against Moore & Linn, and Linn, the partner of Moore. This evidence was inadmissible, for the statute gives the right of set-off in those cases only where the suitors are mutually indebted to each other, and the receipt which he offered in evidence was for money to be paid to Chou-

teau & Mackenzie, when he, Moore, was suing for money by him paid to Mackenzie alone. This money, purporting to be received by Moore, to be paid to Chouteau and Mackenzie, he could by no means be permitted to pay to Mackenzie, and it ought not, therefore, to have been allowed to be given in evidence against money paid for him by Moore to Mackenzie. But indeed, if this money for which this receipt was given by Moore, was intended to be paid by Mackenzie in satisfaction for these goods, and the receipt was by mistake taken for money to be paid to Mackenzie and Chouteau, then it devolved on Lindsay to prove the mistake. But such proof might not have suited Lindsay's purpose; for it appears from the account sued on, that Mackenzie did, after the date of this receipt, give Lindsay a credit for money paid him by Moore to Lindsay's use, for two sums of money amounting to two hundred dollars. But if Lindsay did pay to Moore two hundred dollars for the use of Chouteau & Mackenzie, as this receipt seems to show, and Moore had not paid it over, then Lindsay must resort to his action against Moore for this breach of trust. It cannot be set off against another demand, and in no event can it be set off till it is proved that Moore has not paid it according to his undertaking. From the evidence given in the cause, we are left to conjecture that Lindsay wished to be credited twice for the same sum of two hundred dollars.

It does not appear from the record to be true, that the court refused to give the instructions asked by Lindsay, on the contrary, the court voluntarily instructed the jury for the defendant, and in these instructions evinced more sagacity, than Lindsay did in his own behalf.

The judgment is affirmed.